# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| TELLAS LEVALLAS KENNEDY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-122 |
| | ) | CR612-018 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Convicted of conspiracy to distribute a controlled substance, Tellas Kennedy moves for a second time under 28 U.S.C. § 2255 to vacate his sentence and guilty plea. *See* doc. 1275[1] (second § 2255 motion); doc. 1160 (first § 2255 motion); *see also* CV615-116 (civil docket of first § 2255 motion). Judgment was entered denying his first § 2255 motion on the merits in February 2016, doc. 1211, and Kennedy has not timely appealed that decision[2] or sought authorization from the Eleventh

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] *See* Fed. R. App. P. 4(a)(1)(B)(i) (movants have 60 days to appeal the district court's judgment to the Circuit Court of Appeals); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts.

Circuit to file a second § 2255 motion. *See* doc. 1275 at 3 (stating that he "did not appeal the first 28 U.S.C. 2255 Motion" because his understanding of the law was not then as proficient as it is now, after several months of "prayer and meditation"). Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district

court lack[s] jurisdiction to consider [a movant's] second or successive" motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Since this Court dismissed Kennedy's first § 2255 motion with prejudice and he has not sought authorization from the Eleventh Circuit to file a successive motion, there is no jurisdiction to consider his second petition. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); see also *Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions").

Accordingly, Movant Tellas Levallas Kennedy's second § 2255 motion should be **DISMISSED** for lack of jurisdiction.

**SO REPORTED AND RECOMMENDED,** this   13th   day of September, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA